IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON TAYLOR,

      Plaintiff,                       No. 2:12-cv-1584 CKD P

    vs.

TALITHA WINN,

      Defendant.                 <u>ORDER</u>

                                    /

          Plaintiff is a county jail inmate proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has consented to this court's jurisdiction.  (Dkt. No. 5.)

          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be

1

forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

1    In reviewing a complaint under this standard, the court must accept as true the
2  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
3  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
4  and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
5  1843 (1969).
6    Plaintiff describes defendant as a clerk at Sears department store. (Dkt. No. 1 at
7  2.) His statement of claim is as follows:

> I was arrested in 2011 May 10. My fiancé Bianca Sanders was left in possession of my vehicle. Ms. Sanders was also arrested and the defendant came to visit Sanders and falsely told her I wanted her to give my keys. The defendant then falsified paperwork and the DMV put my vehicle in her name.

11  (Dkt. No. 1 at 3.) His requested relief is an order directing defendant to pay him for his "stolen
12  vehicle, which is now destroyed and still in the possession of Talitha Winn." (Id.)
13    In order to state a claim under section 1983, a plaintiff must allege that: (1)
14  defendant was acting under color of state law at the time the complained of act was committed;
15  and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the
16  Constitution or laws of the United States. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48
17  (1988). Plaintiff's allegations fail to meet either element of this test. His claim that a retail clerk
18  acquaintance, acting in her personal capacity, defrauded him of (and then destroyed) his car, is
19  not amendable to suit in federal court under section 1983.
20    Under Federal Rule of Civil Procedure 15(a)(2), federal courts are instructed to
21  "freely give leave [to amend] when justice so requires." A district court, however, may in its
22  discretion deny leave to amend "due to 'undue delay, bad faith or dilatory motive on the part of
23  the movant, repeated failure to cure deficiencies by amendments previously allowed, undue
24  prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of
25  amendment.' " Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009)
26  (internal citations omitted). Mindful of this standard, the undersigned concludes that amendment

1 | would be futile and will dismiss the complaint with prejudice.

2 |       In accordance with the above, IT IS HEREBY ORDERED that:

3 |       1. Plaintiff's June 28, 2012 request for leave to proceed in forma pauperis is granted;

5 |       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Sheriff of Solano County filed concurrently herewith;

8 |       3. The complaint is dismissed with prejudice for the reasons discussed above.

Dated: July 19, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
tayl1584.B